IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH PINEGAR**, | : | CIVIL ACTION NO. 1:07-CV-0313 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ERIC K. SHINSEKI**, | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court is plaintiff's motion (Doc. 48) to vacate the May 6, 2009 order of court (Doc. 45) ("the May 6 order"), which compelled plaintiff's counsel[1] to cite record evidence in their papers opposing defendant's motion for summary judgment. The motion will be denied.

Prior to issuing the May 6 order, the court conducted a review of the record, which (including the parties' briefs) exceeds 1000 pages. Upon examining plaintiff's responsive statement of material facts (Doc. 40), the court discovered that counsel had neglected to cite record support for several key factual assertions pertinent to plaintiff's case. Such citations are required by Local Rule 56.1, which provides, in pertinent part that "[s]tatements of material facts . . . in opposition to[] a motion shall include references to the parts of the record that support the statements." L.R. 56.1. The purpose of this rule is obvious: it enables the court to identify

---

[1]Ralph B. Pinskey, Esquire, was responsible for preparing plaintiff's papers in opposition to the motion for summary judgment, and Robert S. Mirin, Esquire, joined plaintiff's legal team on May 11, 2009. Messrs. Pinskey and Mirin have jointly signed the pending motion to vacate.

contested facts expeditiously and prevents factual disputes from becoming obscured by a lengthy record. The May 6 order granted plaintiff five days—until noon on May 11, 2009—to rectify the inadequacies in the responsive fact statement. Plaintiff's counsel failed to do so.

Instead, they filed an untimely motion beseeching the court to vacate the May 6 order. One of plaintiff's attorneys represents that he failed to supply record citations during the original briefing period because he "ran out of time."[2] (Doc. 48 ¶ 8(1)).[3] He arranged for his client attest to the averments set forth in the responsive fact statement and presumed that the court would accept this verified statement[4] as "evidence" for purposes of summary judgment. (Id. ¶ 7). The motion to vacate further requests that the court consider the irregular fact statement because "Defendant never filed a Motion to Strike Plaintiff's Sworn Response nor made any other objection to it." (Id. ¶ 8(2)). Strikingly absent from the motion, however, is a request for additional time within which to comply with Local Rule

---

[2]The hour is late for counsel to bemoan an insufficiency of time within which to satisfy the obligations of Local Rule 56.1. Counsel sought and received an extension of the deadline for filing a responsive fact statement during the original briefing period. (See Doc. 38.) If he required additional time to assemble summary judgment papers, he could have sought further extensions of case management deadlines. He did not do so. The present attempt to invoke time pressures as an excuse for non-compliance with court rules is little more than an ineffectual *post hoc* justification for fainéant advocacy.

[3]Plaintiff's motion contains two paragraphs denominated with the Arabic numeral 8. The court will refer to these paragraphs at 8(1) and 8(2).

[4]Although counsel represents that he submitted a fact statement attested by plaintiff, the verification page appearing on the docket is unsigned. (Doc. 40 at 13.)

2

56.1. Indeed, the motion contains no representation that counsel has made any attempt to comply with the May 6 order.

The instant motion is a transparent attempt to circumvent counsel's obligations under Local Rule 56.1.[5]  It is the obligation of plaintiff's attorneys to scour the record thoroughly, to identify facts in plaintiff's favor, and to draw the court's attention to those facts through citation to the record.  Plaintiff's counsel cannot fulfill these responsibilities by submitting a generic (and unsworn) affidavit

---

[5]Plaintiff's deficient responsive fact statement is disquieting because plaintiff's counsel has undertaken great pains to secure defendant's compliance with the letter and spirit thereof.  At the outset of dispositive motion proceedings, plaintiff's counsel filed a motion to strike (Doc. 29) defendant's summary judgment motion on the ground that it failed to comport with Local Rule 56.1.  Counsel asserted that defendant's 33-page fact statement "[wa]s not 'short and concise,'" (Doc. 30 at 2), and complained that "[t]he effect of . . . lengthy . . . [fact statements] is to overwhelm and overload the Plaintiff with work," (id. at 3).  Having once cavilled about defendant's purported failure to comply with Local Rule 56.1, plaintiff's counsel cannot now seek to be excused from their responsibilities under the selfsame provision.  Local Rule 56.1 imposes an unambiguous obligation on all parties to *cite portions of the record* that indicate factual disputes necessitating a trial.  The court will mandate that counsel faithfully discharge all duties imposed by this rule.

and imploring the court to adopt self-serving asseverations.[6,7] Plaintiff's evidentiary submission totals 666 pages[8] in length. (See Doc. 41.) It is neither unreasonable nor inequitable to expect that counsel will identify the source of factual disputes in a record of this length. See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (quoting Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys., 309 F.3d 433, 436 (7th Cir. 2002)). Plaintiff's motion to vacate (Doc. 48) will be denied, and counsel will be required to file a responsive statement of material facts in accordance with Local Rule 56.1.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     May 12, 2009

---

[6]Of course, affidavits submitted by parties may serve an appropriate function during summary judgment proceedings. For instance, they might explain a party's inability to collect evidence in its favor, see, e.g., FED. R. CIV. P. 56(f), or they might fill interstices left open by other forms of discovery, see, e.g., id. 56(e)(1). In this matter, however, counsel submitted an unexecuted affidavit, see supra note 4, as a means to forego the most basic of advocacy functions, to wit: reviewing the record and identifying facts in his client's favor.

[7]Defendant's failure to object to the responsive fact statement has no bearing on counsels' obligations under Local Rule 56.1. Counsels' conduct has *interfered with the court's ability to rule on the pending motion*. Defendant's objection *vel non* to plaintiff's responsive fact statement has no effect on counsels' obligation to undertake a good faith effort to comply with the rule.

[8]This figure excludes the pages allotted to the table of contents accompanying plaintiff's evidentiary submissions.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH PINEGAR,** | : | CIVIL ACTION NO. 1:07-CV-0313 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **ERIC K. SHINSEKI**, | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 12th day of May, 2009, upon consideration of plaintiff's motion to vacate (Doc. 48) the order of court (Doc. 45) dated May 6, 2009, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 48) is DENIED.

2. The time within which plaintiff's counsel may comply with the provisions of Paragraph 1 of the order (Doc. 45) is EXTENDED until **12:00 noon on Monday, May 18, 2009**. In the absence of a timely filing, **all improper denials identified in the order of court (Doc. 45) shall be deemed admitted at 12:00:01 p.m.**

3. No extension of the time period set forth in Paragraph 2 shall be granted absent a showing of extraordinary circumstances made in advance of the deadline.[1]

4. All provisions of the order of court (Doc. 45) shall remain in effect except as modified herein.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge

---

[1]The court notes that counsel received an extension of the filing deadline during the original briefing period, (see Doc. 36), and the court, acting *sua sponte*, granted counsel additional time to comply with Local Rule 56.1 on May 6, 2009, (see Doc. 45).