# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ELIZABETH PINEGAR, | : | CIVIL ACTION NO. 1:07-CV-0313 |
| --- | --- | --- |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| ERIC K. SHINSEKI, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 10th day of March, 2010, upon consideration of plaintiff's motion in limine (Doc. 59), wherein plaintiff requests an order declaring that the amendments made by the ADA Amendments Act ("ADAAA") of 2008 shall be applied to plaintiff's complaint,[1] or at least to her claims for such prospective relief

---

[1] In its opinion dated October 14, 2009, the court noted that the ADAAA, which became effective on January 1, 2009, made changes to both the ADA and the RA. See Pub. L. No. 110-325. However, the court declined to give the amendments retrospective effect and apply them to the instant case.

Plaintiff now argues that the court should apply the amendments of the ADAAA retroactively. She cites Bradley v. School Board of the City of Richmond, 416 U.S. 698, for the proposition that a court must "apply the law in effect at the time it renders its decision, unless doing so would result in a manifest injustice or there is statutory direction or legislative history to the contrary." 416 U.S. at 711. Plaintiff overlooks the fact that in Landgraf v. USI Film Prods., 511 U.S. 244 (1994), the Supreme Court cited that language from Bradley and went on to clarify that Bradley "did not alter the well-settled presumption against application of the class of new statutes that would have genuinely 'retroactive' effect[,]" and "did not take issue with the long line of decisions applying the presumption against retroactivity[,]" and that the Court "did not intend to displace the traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment." 511 U.S. at 277-78.

as reinstatement and reasonable accommodation,[2] and upon further consideration of defendant's opposition (Doc. 67) to plaintiff's motion, wherein defendant argues that Congress did not intend the ADAAA to apply retroactively and that a retroactive application of the amendments would be manifestly unjust, and the

---

[2] Plaintiff cites <u>Jenkins v. National Board of Medical Examiners</u>, a case in which the Sixth Circuit held that the ADAAA should be applied to a plaintiff's claim for prospective relief. <u>See</u> No. 08-5371, 2009 WL 331638 (6th Cir. Feb. 11, 2009). The court finds the instant case distinguishable from <u>Jenkins</u>. The plaintiff in <u>Jenkins</u> was a medical student seeking additional time to take a medical licensing exam as an accommodation for a reading disorder, and he had not yet taken the exam. <u>Id.</u> at *1. By contrast, the alleged discrimination at issue in this case occurred in the past. Even though plaintiff's claims for reinstatement and reasonable accommodation could be considered claims for prospective relief, it cannot be denied that she seeks to hold defendants liable for conduct that occurred before the ADAAA took effect. Thus, the court is not persuaded that the amendments should apply in this case. <u>See</u> <u>Britting v. Shineski</u>, Civ. A. No. 3:08-CV-1747, 2010 WL 500442 at *4-5 (M.D. Pa. Feb. 5, 2010).

2

court concluding that it should not give the amendments contained in the ADAAA retrospective effect in this case,[3] it is hereby ORDERED that plaintiff's motion (Doc. 59) is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[3] To determine whether a federal statute should be applied in cases which relate to conduct that occurred before the statute was enacted, the court must first consider whether the language of the statute expressly commands such application. See Landgraf, 511 U.S. at 280 (noting that it is axiomatic that "retroactivity is not favored in the law…. Congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result" (citing Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988))). Finding no language in the ADAAA expressly commanding application of the amendments to conduct before January 1, 2009, the court will turn to the second prong of the analysis: whether the new statute "would have retroactive effect, *i.e.* whether it would impair the rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280. "If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." Id. The court concludes that the application of the ADAAA to pre-enactment conduct would indeed "increase a party's liability for past conduct" or "impose new duties with respect to transactions already completed[,]" because the amendments substantially broadened the class of protected individuals under the ADA and RA. Thus, the court declines to apply the ADAAA retroactively to the present case. Although there is a dearth of Third Circuit precedent on this issue, several recent decisions support the court's conclusion. See e.g. EEOC v. Agro Distrib., LLC, 555 F.3d 462, 469 n.8 (5th Cir. 2009) (holding that the ADA Amendment "changes do not apply retroactively"); Fikes v. Wal-Mart, Inc., 322 Fed. Appx. 882, 883 n.1 (11th Cir. 2009) (applying the "ADA as it was in effect at the time of the alleged discrimination"); Kiesewetter v. Caterpillar, Inc., 295 Fed. Appx. 850, 851 (7th Cir. 2008) (declining to apply the ADAAA retroactively); Supinski v. United Parcel Serv., Civ. A. No. 3:CV-06-0793, 2009 WL 113796, at *5 n.6 (M.D. Pa. Jan. 16, 2009) (stating that the ADAAA "cannot be applied retroactively to conduct that preceded its effective date"); Britting v. Shineski, Civ. A. No. 3:08-CV-1747, 2010 WL 500442 (M.D. Pa. Feb. 5, 2010) (same).