# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH PINEGAR,** | : | CIVIL ACTION NO. 1:07-CV-0313 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **ERIC K. SHINSEKI,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 11th day of March, 2010, upon consideration of defendant's motion in limine (Doc. 65), wherein defendant contends that evidence of plaintiff's wage loss after September 13, 2005 or October 12, 2005 should be barred as irrelevant, because plaintiff was not able to earn wages after those dates,[1] and upon further consideration of plaintiff's opposition (Doc. 67) to defendant's motion in limine, wherein plaintiff argues that the court should not prohibit her from offering

---

[1] The contention that plaintiff was not able to earn wages after September 13, 2005 is based on her application for Social Security Disability ("SSD") benefits, wherein she wrote that she was "[u]nable to perform full range of duties . . . " and that her use of her right arm was limited. (See Doc. 66 at 3). The contention that plaintiff was not able to earn wages after October 12, 2005 is based on the opinion of one of her medical care providers, a physician's assistant named Elizabeth Miller ("PA Miller"), that plaintiff "may not be able to participate in gainful employment in the future." (Id.)

evidence of her wage loss after the dates at issue,[2] and the court concluding that the evidence of record does *not* conclusively establish plaintiff's inability to earn wages after the dates at issue,[3] and the court further concluding that evidence relating to

---

[2] Plaintiff does not dispute the content of her application for SSD benefits; nor does she dispute that PA Miller expressed the opinion that plaintiff would be unable to return to work on October 12, 2005. Plaintiff argues that there is no reason why these facts should preclude her from presenting evidence of wage loss on or after these dates. With respect to her application for SSD benefits, plaintiff asserts that the application should not bar evidence of subsequent lost wages, because it was denied. Regarding PA Miller's opinion, plaintiff argues that PA Miller cannot testify as an expert under FED. R. EVID. 702, nor can she provide testimony in the form of opinions or inferences under FED. R. EVID. 701.

[3] Neither plaintiff's application for SSD benefits nor PA Miller's opinion regarding plaintiff's ability to work is sufficient to establish that plaintiff was, in fact, unable to earn her wages.

The Supreme Court has recognized that, in many cases, claims under the Social Security Act (SSA) and the Americans with Disabilities Act (ADA) "can comfortably exist side by side." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 803 (1999). The same is true of plaintiff's application for SSD benefits and her pending claim under the Rehabilitation Act (RA). Although plaintiff stated, for purposes of her SSD benefits application, that she was "unable to perform" her duties, she may nevertheless attempt in the instant case to prove that, *with reasonable accommodation*, she would have been able to continue earning her wages. The SSA (unlike the ADA and the RA) does not take into account the possibility that an employee may be able to work with reasonable accommodation. Id. Furthermore, the Supreme Court has stated that "if an individual has merely applied for, but has not been awarded, [SSD] benefits, any inconsistency in the theory of the claims is of the sort normally tolerated by our legal system." Id. at 805. Therefore, the court cannot find that plaintiff's application for SSD benefits necessarily renders evidence of subsequent lost wages irrelevant.

Nor does PA Miller's opinion make it impossible for a jury to award damages for wages lost after October 12, 2005. Although PA Miller's opinion suggests that plaintiff could not engage in gainful work as of October 12, 2005, it does not conclusively establish that fact. In the instant case, there are genuine issues of material fact regarding whether plaintiff could perform the essential functions of her position with reasonable accommodation, (see Doc. 57 at 22-24), and the court will defer such issues to the jury.

damages is relevant, as damages are an issue "of consequence to the determination of the action," FED. R. EVID. 401; see also Winters v. Marina Dist. Development Co., 317 F. App'x 286, 289 (3d Cir. 2009) (applying FED. R. EVID. 401 to evidence relating to causation and damages), it is hereby ORDERED that defendant's motion in limine (Doc. 65) is DENIED, without prejudice to defendant's right to object to evidence that defendant believes is irrelevant or otherwise improperly offered at trial.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge